IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VANPORT INTERNATIONAL, INC.,
an Oregon corporation,

                       Plaintiff,

      v.

DFC WOOD PRODUCTS PTY LTD.,
an Australian discretionary trading trust,

                       Defendant.

No. 3:22-cv-01041-HZ

OPINION & ORDER

Brian D. Chenoweth
Bradley T. Crittenden
Chenoweth Law Group, PC
510 SW Fifth Avenue, Ste 400
Portland, OR 97204

       Attorneys for Plaintiff

Elizabeth H. White
Janjeera Suzanne Hail
K&L Gates LLP

One SW Columbia St., Ste 1900
Portland, OR 97204

     Attorneys for Defendant

HERNÁNDEZ, District Judge:

     K&L Gates moves to withdraw as counsel for Defendant DFC Wood Products Pty Ltd.

ECF 36. Plaintiff does not oppose the motion. *Id.* at 1. The motion has been served on

Defendant. *Id.* Cert. of Service. For the following reasons, the Court grants the motion.

## BACKGROUND

     On May 13, 2022, Plaintiff sued Defendant in state court, alleging breach of contract,

unjust enrichment, conversion, and fraudulent representation. Notice of Removal Ex. A

(Complaint), ECF 1-1. After removing to federal court, Defendant moved to dismiss for lack of

personal jurisdiction. ECF 4. The Court denied the motion on November 16, 2022. ECF 18.

Defendant answered the Complaint and asserted counterclaims. ECF 22. The Court held a Rule

16 telephone conference on February 21, 2023. ECF 29. Plaintiff filed an Amended Complaint

on April 21, 2023, which Defendant answered on May 5, 2023, reasserting its counterclaims.

ECF 33, 34. Discovery is ongoing. K&L Gates represented Defendant at all stages of the case.

     On July 19, 2023, K&L Gates moved to withdraw as counsel for Defendant. Def. Mot. to

Withdraw. The firm states that "it can no longer adequately represent DFC's interests in this

matter as required under the Oregon Rules of Professional Conduct or generally accepted

standards of professionalism." *Id.* at 2. Counsel explains that Defendant "has been only

intermittently communicative with K&L Gates for several months, including as K&L Gates has

sought to meet deadlines in this case, provide substantive discovery responses in accordance with

the Federal Rules of Civil Procedure, and obtain direction and instruction from DFC." *Id.*

Counsel states that as a result of this lack of communication, "K&L Gates was unable to serve

substantive discovery responses or certify a complete document production." *Id.* Counsel states

that "DFC has likewise failed to pay substantial outstanding invoices." *Id.* K&L Gates notified

Defendant on June 26, 2023, that it intended to withdraw. *Id.* Counsel told Defendant that the

firm would not withdraw before July 10, 2023. *Id.* Counsel encouraged Defendant to find

substitute counsel, and attempted to communicate with Defendant by phone and email, but "has

not been able to engage substantively with DFC with regard to its intention to withdraw or to be

replaced by substitute counsel." *Id.* at 2-3. A declaration from lead counsel Elizabeth H. White

was submitted in support of the foregoing. White Decl., ECF 37.

## STANDARDS

The Local Rules provide that "[a]n attorney may withdraw as counsel of record only with

leave of Court, except as provided in subsections (b), (c), and (d). A motion must be filed and

served on the client and opposing counsel. The motion will be heard on an expedited basis." LR

83-11(a). The Local Rules also provide that attorneys admitted to practice in this District must

"[b]e familiar and comply with the Oregon Rules of Professional Conduct[.]" LR 83-7(a). Under

the Oregon Rules of Professional Conduct:

> a lawyer may withdraw from representing a client if: . . . (5) the client fails
> substantially to fulfill an obligation to the lawyer regarding the lawyer's services
> and has been given reasonable warning that the lawyer will withdraw unless the
> obligation is fulfilled; [or] (6) the representation will result in an unreasonable
> financial burden on the lawyer or has been rendered unreasonably difficult by the
> client.

RPC 1.16(b)(5) and (6).

Other courts in this District have considered the following factors in evaluating a motion

to withdraw as counsel in a civil case: "(1) the reasons why withdrawal is sought; (2) the

prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the

administration of justice; and (4) the degree to which withdrawal will delay the resolution of the

case." *Fed. Trade Comm'n v. Adept Mgmt., Inc.*, No. 1:16-CV-00720-CL, 2017 WL 722586, at *1 (D. Or. Feb. 23, 2017); *Marti v. U.S. Pro Moving & Logistics, LLC*, No. 1:21-CV-00471-AA, 2023 WL 3981330, at *1 (D. Or. June 13, 2023).

Another court in this District permitted counsel for the defendant LLC to withdraw while a motion for summary judgment was pending where counsel and a representative for the defendant submitted declarations stating that the defendant lacked the means to pay for continued representation. *Addis v. McKinley Med., LLC*, No. CIV. 07-1318-AA, 2011 WL 846688, at *1 (D. Or. Mar. 8, 2011) (citing RPC 1.16(b)(6)). The court gave the defendant three weeks to find substitute counsel and advised that default would be entered if the defendant did not find counsel, as "a corporation may appear in federal court only through licensed counsel." *Id.* at *2 (citing *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008); *Nedbank Int'l Ltd. v. Xero Mobile, Inc.,* 2008 WL 4814706, at *2 (C.D. Cal. Oct. 30, 2008)). Counsel has also been permitted to withdraw where they cannot contact the client due to the client's failure to provide current contact information. *Doe v. Mattson*, No. CV 07-802-JE, 2007 WL 3125310, at *2 (D. Or. Oct. 23, 2007) (granting plaintiff's counsel's motion to withdraw where counsel had been unable to initiate contact with plaintiff for over a month).

## DISCUSSION

The Court concludes that K&L Gates should be permitted to withdraw as counsel for Defendant. Counsel has complied with the procedural requirements of conferring with opposing counsel and serving its Motion on Defendant. And counsel has shown good cause for the Motion. Withdrawal is sought because Defendant has failed to pay outstanding invoices and failed to communicate with counsel, hampering counsel's ability to timely fulfill discovery obligations. Plaintiff does not oppose the motion. Pl. Resp. 2, ECF 38. Plaintiff asks that the

Court order Defendant to serve Plaintiff with answers to interrogatories and requests for production within 30 days of entry of this Opinion and Order. *Id.* at 2-3. This case is still in the discovery stage, so there is time for Defendant to secure new counsel, develop its defense, and prosecute its counterclaims. The dispositive motion and trial deadlines are not imminent. Accordingly, the Court grants the Motion to Withdraw.

Defendant is given 30 days from the date of entry of this Opinion and Order to find substitute counsel. As noted above, a corporate entity cannot appear in federal court unless it is represented by counsel. LR 83-9(b) ("Unless otherwise specifically provided by law or Court order, a corporation may appear or act only through an attorney."). Defendant risks entry of default and default judgment if it fails to secure substitute counsel. *See* Fed. R. Civ. P. 55; *Adept Mgmt., Inc.*, 2017 WL 722586, at *2; *Addis*, 2011 WL 846688, at *2. Defendant also risks dismissal of its counterclaims for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Mattson*, 2007 WL 3125310, at *2. The Court also orders Defendant to answer Plaintiff's interrogatories and complete production of documents responsive to Plaintiff's requests within 30 days of the entry of this Opinion and Order.

//

//

//

//

//

//

//

//

## CONCLUSION

The Court GRANTS Defendant's Motion to Withdraw as Counsel [36]. Defendant has 30 days from the date of entry of this Opinion and Order to advise the Court of substitute counsel and respond to Plaintiff's discovery requests. Within three business days after this Opinion and Order is entered, counsel for Defendant is instructed to (1) serve a copy of this Opinion and Order on Defendant, (2) advise Defendant of all relevant deadlines in this case, and (3) provide the Court with Defendant's mailing address, phone number, and email address.

IT IS SO ORDERED.


DATED:_____August 3, 2023_____.



_____
MARCO A. HERNÁNDEZ
United States District Judge