IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VANPORT INTERNATIONAL, INC.,
an Oregon corporation,

        Plaintiff,

  v.

DFC WOOD PRODUCTS PTY LTD.,
an Australian discretionary trading trust,

        Defendant.

No. 3:22-cv-01041-HZ

OPINION & ORDER

Brian D. Chenoweth
Bradley T. Crittenden
Chenoweth Law Group, PC
510 SW Fifth Avenue, Ste 400
Portland, OR 97204

    Attorneys for Plaintiff

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Plaintiff Vanport International moves under Federal Rule of Civil Procedure 37 for the Court to strike Defendant DFC Wood Products' Answer and Affirmative Defenses to the First Amended Complaint ("FAC") and counterclaims, enter default judgment against Defendant, and order Defendant to pay Plaintiff's attorney fees and costs. ECF 41. The Court strikes the Answer and Affirmative Defenses to the FAC, dismisses Defendant's counterclaims, and concludes that Plaintiff is entitled to seek default judgment against Defendant, but on an alternate basis: Defendant has failed to retain counsel throughout this litigation.

## BACKGROUND

On May 13, 2022, Plaintiff sued Defendant in state court, alleging breach of contract, unjust enrichment, conversion, and fraudulent misrepresentation arising out of a sale of lumber to Defendant. Notice of Removal Ex. A (Complaint), ECF 1-1. Plaintiff seeks over $2.9 million in damages. FAC, ECF 33. Defendant is a discretionary trading trust established under the laws of Australia. Def. Corporate Disclosure Statement, ECF 3. After removing to federal court, Defendant moved to dismiss for lack of personal jurisdiction. ECF 4. The Court denied the motion on November 16, 2022. ECF 18. Defendant answered the Complaint and asserted eight counterclaims. ECF 22. The Court held a Rule 16 telephone conference on February 21, 2023. ECF 29. Plaintiff filed an Amended Complaint on April 21, 2023, which Defendant answered on May 5, 2023, reasserting its counterclaims. ECF 33, 34. K&L Gates represented Defendant.

Plaintiff served Defendant its first sets of interrogatories and requests for production on May 11, 2023. Crittenden Decl. ¶ 11, Exs. 2-3, ECF 42. On May 30, 2023, Defendant requested two additional weeks to respond to the discovery requests. *Id.* ¶ 12. Plaintiff granted the request as to responding to interrogatories and producing responsive documents but denied it as to

providing written responses to the requests for production. *Id.* ¶ 13. On June 12, 2023, Defendant provided its written responses to Plaintiff's requests for production. *Id.* On June 21, 2023, Defendant requested an additional week to answer Plaintiff's interrogatories. *Id.* ¶ 14. Plaintiff gave Defendant an extension to July 5. *Id.* ¶ 15. On July 5, 2023, counsel for the parties spoke on the phone, and counsel for Defendant stated that she had not gotten a response from Defendant about the interrogatories. Chenoweth Decl. ¶ 3, ECF 43. Counsel for Defendant stated that she would produce some responsive documents by July 7, but that she could not provide answers to the interrogatories by July 5 or produce all responsive documents by July 7. *Id.* ¶ 4. On July 7, counsel for Defendant provided some documents but could not confirm that production was complete. Crittenden Decl. ¶ 17.

On July 19, 2023, K&L Gates moved to withdraw as counsel for Defendant. Def. Mot. to Withdraw, ECF 36. Counsel stated that she could no longer represent Defendant because Defendant "ha[d] been only intermittently communicative with K&L Gates for several months, including as K&L Gates ha[d] sought to meet deadlines in this case, provide substantive discovery responses in accordance with the Federal Rules of Civil Procedure, and obtain direction and instruction from DFC." *Id.* at 2. Counsel stated that as a result of this lack of communication, "K&L Gates was unable to serve substantive discovery responses or certify a complete document production." *Id.* K&L Gates notified Defendant on June 26, 2023, that it intended to withdraw. *Id.* Counsel encouraged Defendant to find substitute counsel, and attempted to communicate with Defendant by phone and email, but Defendant was not responsive. *Id.* at 2-3. Plaintiff did not oppose the motion but asked the Court to order Defendant to respond to the pending discovery requests within 30 days of an order granting the motion. Pl. Resp. Mot. to Withdraw, ECF 38.

3 – OPINION & ORDER

On August 3, 2023, the Court granted the Motion to Withdraw. ECF 40. The Court gave Defendant 30 days from the date of entry of its Opinion and Order to find new counsel. *Id.* at 5. The Court stated that "a corporate entity cannot appear in federal court unless it is represented by counsel." *Id.* And the Court warned Defendant that it faced entry of default and default judgment against it, as well as dismissal of its counterclaims for failure to prosecute, if it did not obtain counsel. *Id.* Finally, the Court ordered Defendant to respond to Plaintiff's interrogatories and requests for production within 30 days. *Id.* Plaintiff now moves to strike Defendant's answer and seeks entry of default and default judgment against Defendant, asserting that Defendant has not complied with the Court's order. Pl. Mot. 6. Plaintiff served the Motion on Defendant. *Id.* at 13. Defendant did not respond to the motion. Defendant has not notified the Court of substitute counsel.

**STANDARDS**

"It is a longstanding rule that corporations and other unincorporated associations must appear in court through an attorney." *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004) (cleaned up) (internal quotations omitted). *See also United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (holding that district court did not err in entering default judgment against corporation for violation of order to retain counsel during litigation); *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697-98 (9th Cir. 1987) (holding that trustee could not represent trust in litigation). When a business entity fails to retain counsel during litigation, the district court may enter default and default judgment against the entity as to the claims asserted against it. *High Country Broadcasting*, 3 F.3d at 1245. *See also Crandall v. Semillon Inc.*, No. 15CV1257-GPC(NLS), 2016 WL 4479397, at *3 (S.D. Cal. Aug. 25, 2016) (striking answer and entering default against corporation that failed to retain counsel

and instructing moving parties to file motion for default judgment). The district court may also dismiss any claims the unrepresented entity has brought against other parties. *C.E. Pope Equity Trust*, 818 F.2d at 697 (affirming dismissal of complaint filed by trust unrepresented by counsel).

The Federal Rules of Civil Procedure provide that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). District courts in the Ninth Circuit have dismissed claims brought by business entities that disobey an order to retain counsel. *E.g.*, *Crandall*, 2016 WL 4479397, at *3 (dismissing defendant corporation's counterclaims for failure to retain counsel); *Your Pers. Assistant, LLC v. T-Mobile USA, Inc.*, No. CV1000783MMMRCX, 2010 WL 11598045, at *6 (C.D. Cal. Sept. 21, 2010) (dismissing plaintiff LLC's claims for failure to retain counsel).

Because dismissal is a harsh sanction, the district court must consider several factors before exercising its discretion to dismiss a case: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). *See also Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996).[1] The Ninth Circuit "may affirm a dismissal where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotations omitted).

---

[1] These factors must also be considered when dismissing claims or entering default judgment as a discovery sanction under Rule 37. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) (dismissal); *Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang*, 105 F.3d 521, 524 (9th Cir. 1997) (default judgment). Plaintiff's Rule 37 Motion addresses these factors. Pl. Mot. 8-11.

5 – OPINION & ORDER

## DISCUSSION

Defendant has disobeyed the Court's order to retain substitute counsel. The Court therefore strikes Defendant's Answer and Affirmative Defenses to the FAC and dismisses Defendant's counterclaims. The Court will also instruct the clerk to enter default against Defendant. Plaintiff can then move for default judgment on its claims.

### I. Defendant Failed to Retain Counsel

Defendant failed to retain counsel as ordered by the Court. In granting prior counsel's motion to withdraw from representing Defendant, the Court ordered Defendant to obtain substitute counsel within 30 days and respond to Plaintiff's interrogatories and requests for production within 30 days. Op. & Ord. 5. The Court advised Defendant that it cannot appear in federal court unless it is represented by counsel. *Id.* The Court also warned Defendant that it faced entry of default judgment and dismissal of its counterclaims if it failed to hire new counsel. *Id.* More than 30 days have passed, and Defendant has not notified the Court that it has obtained substitute counsel or indicated that it intends to retain new counsel. Counsel for Plaintiff states that Defendant has not responded to Plaintiff's discovery requests or served any discovery requests on Plaintiff. Crittenden Decl. ¶ 20. Defendant violated the August 3 Order by failing to retain new counsel and failing to respond to Plaintiff's discovery requests.

Plaintiff moves for sanctions under Rule 37, based on disobedience of the order to respond to discovery requests, but the Court concludes that Defendant's failure to retain counsel is the proper basis to grant the relief sought. Although either could support Plaintiff's requested relief, the Court warned Defendant of the risk of default judgment and dismissal of its counterclaims based on failure to retain counsel, not failure to respond to the discovery requests. Op. & Ord. 5. And Defendant's failure to retain counsel is the fundamental reason that Plaintiff

is entitled to seek default judgment on its claims and dismissal of Defendant's counterclaims. Defendant cannot proceed before this Court without counsel, regardless of whether it answers Plaintiff's discovery requests.

Defendant's course of conduct and communications with Plaintiff's counsel show that Defendant does not intend to retain new counsel or participate meaningfully in this case. Defendant's then-counsel held multiple conversations with counsel for Plaintiff between May and July 2023 about Plaintiff's discovery requests, culminating in counsel's motion to withdraw because Defendant was not communicative. Plaintiff's counsel also details extensive efforts to confer with Defendant before filing the present Motion. Counsel for Plaintiff emailed Defendant on September 8, 2023, asking to confer about Defendant's failure to comply with the Court's August 3 Order. Crittenden Decl. ¶ 3, Ex. 1 at 4. Counsel for Plaintiff called Defendant three times on September 11, 2023, and left a voicemail asking Defendant's owners to respond. *Id.* ¶ 4. No one returned his calls. *Id.* Counsel emailed Defendant again on September 12, 2023. *Id.* ¶ 5, Ex. 1 at 3-4. On September 13, 2023, David Compton, a co-owner of the trustee for Defendant, responded to counsel's emails without providing availability to confer. *Id.* ¶ 6, Ex. 1 at 3. Mr. Compton stated that he had not seen any requests, reiterated his view that Defendant was not liable for Plaintiff's claims, and stated, "End of story." *Id.* The same day, counsel for Plaintiff responded with an explanation of the issues in the present Motion, attached the relevant documents, and stated that he understood that Defendant was unwilling to confer. *Id.* ¶ 7, Ex. 1 at 2-3. Counsel asked Mr. Compton to identify any attorney representing Defendant. *Id.* at 2.

On September 15, 2023, Mr. Compton emailed counsel for Plaintiff reiterating his view that Plaintiff was wrong on the merits of the case, and stating, "No one will be representing DFC." *Id.* ¶ 8, Ex. 1 at 1-2. He told counsel to call at any time during the day. *Id.* Counsel for

7 – OPINION & ORDER

Plaintiff called Mr. Compton that day at 9:30 am local time for Mr. Compton, but no one answered. *Id.* ¶ 8. Counsel for Plaintiff responded to the email on September 15, stating that he understood that Defendant did not intend to respond to the discovery requests or hire counsel and asking Mr. Compton to notify him by September 18 if Defendant changed its mind. *Id.* Ex. 1 at 1. The Court concludes on this record that Defendant has no intention of retaining counsel. The Court further finds that Defendant's refusal to respond to Plaintiff's discovery requests or retain counsel is willful, as Defendant has provided no justification for its inaction.

## II.     Default and Default Judgment

Because Defendant has failed to retain counsel, the Court strikes the Answer and Affirmative Defenses to the FAC and will instruct the clerk to enter default against Defendant pursuant to Federal Rule of Civil Procedure 55(a). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). The Court instructs Plaintiff to file a motion for default judgment supporting the damages sought. A default judgment for money may be entered without a hearing if the amount claimed is a liquidated sum or capable of mathematical calculation. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981). Plaintiff must also show that entry of default judgment is appropriate under the factors enumerated in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The Court now turns to Defendant's counterclaims.

## III.    Dismissal of Counterclaims

Defendant's Answer states eight counterclaims against Plaintiff. Answer to FAC ¶¶ 29-86. The Court concludes that the five factors favor dismissal of these counterclaims under Rule 41 for failure to retain counsel as ordered and, relatedly, for failure to prosecute.

A.      Expeditious Resolution of Litigation

The public's interest in the expeditious resolution of litigation strongly favors dismissal of Defendant's counterclaims. Defendant first asserted its counterclaims in December 2022. ECF 22. Counsel for Plaintiff states that Defendant has served no discovery requests on Plaintiff. Crittenden Decl. ¶ 20. Defendant has not provided complete responses to Plaintiff's discovery requests or indicated any intent to do so. The discovery deadline was set for October 6, 2023. ECF 29. Defendant is not represented by counsel and cannot appear in federal court without counsel. Defendant violated the Court's order to retain new counsel and has failed to prosecute its counterclaims. Unless the Court dismisses the counterclaims, this case is likely to persist without any prospect of timely resolution.

B.      Court's Need to Manage Docket

The Court's need to manage its docket strongly favors dismissal of Defendant's counterclaims. The present Opinion and Order is the second the Court will need to issue based on Defendant's failure to meaningfully participate in this case. The Court has no reason to believe Defendant will change its behavior in the future. This case cannot proceed to the merits when Defendant is not represented by counsel.

C.      Risk of Prejudice to Plaintiff

The risk of prejudice to Plaintiff strongly favors dismissal of Defendant's counterclaims. Plaintiff states that it will be prejudiced because it "cannot develop its case and defend against Defendant's allegations without obtaining the discovery it has been trying to obtain since May 11, 2023." Pl. Mot. 9. Plaintiff granted multiple extensions to Defendant, but Defendant still failed to produce complete discovery responses. Defendant also failed to serve any discovery requests on Plaintiff. Defendant has failed to retain new counsel and has indicated in

conversation with Plaintiff that it will not do so. Without complete discovery responses from Defendant, Plaintiff cannot defend against the counterclaims Defendant asserted against it. Defendant has not indicated any willingness to participate further in discovery or hire an attorney to proceed in this case. If the counterclaims are not dismissed, Plaintiff faces the ongoing prospect of liability without adequate information on which to defend against the counterclaims. Defendant's conduct has prejudiced Plaintiff.

        D.        Public Policy Favoring Disposition on the Merits

The public policy favoring disposition on the merits is neutral. This factor usually weighs against dismissal of claims as a sanction. *Luna Distrib. LLC v. Stoli Grp. USA LLC*, 835 F. App'x 224, 226 (9th Cir. 2020). But the Ninth Circuit has stated, in the context of Rule 37 sanctions, that this factor "lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (internal quotations omitted). Defendant has not served any discovery requests on Plaintiff or fully responded to Plaintiff's discovery requests, impeding resolution of the counterclaims on the merits. Defendant provided no justification for this behavior. And because Defendant has failed to retain counsel, Defendant cannot litigate its counterclaims on the merits. Under the circumstances, this factor is neutral.

        E.        Availability of Less Drastic Sanctions

The Court concludes that alternative sanctions would not be effective here, so this factor favors dismissal of the counterclaims. The Court warned Defendant that it faced dismissal of its counterclaims for failure to prosecute and entry of default judgment against it if it failed to retain new counsel. Op. & Ord. 5. Despite this warning, Defendant stated to Plaintiff's counsel that it

would not be retaining new counsel. Crittenden Decl. ¶ 8, Ex. 1 at 1. Defendant has not contacted the Court to ask for more time to retain counsel or provided any explanation for its failure to retain counsel. No lesser sanctions are likely to induce Defendant to comply. As Plaintiff points out, if the risk of a default judgment of $2.9 million did not lead Defendant to obey the Court's August 3 Order, a monetary sanction is unlikely to do so. Pl. Mot. 10-11. Defendant's course of conduct shows that it no longer intends to meaningfully participate in this litigation. Thus, the appropriate resolution is to dismiss the counterclaims.

In sum, the first, second, third, and fifth factors favor dismissal of Defendant's counterclaims, and the fourth factor is neutral. The Court therefore dismisses Defendant's counterclaims.

## IV.    Attorney Fees and Costs

Plaintiff seeks an award of attorney fees and costs pursuant to Rule 37. Pl. Mot. 11. When a party disobeys a court order related to discovery, "[i]nstead of or in addition to the orders above [imposing sanctions], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). While the Court is not basing its sanctions on Rule 37, the Court did conclude that Defendant's failure to respond to Plaintiff's discovery requests as ordered could support sanctions under Rule 37. The Court declines to award attorney fees and costs at this time. The Court warns Defendant that it may be ordered to pay the attorney fees and costs Plaintiff incurred due to Defendant's failure to respond to Plaintiff's discovery requests as ordered. Plaintiff may renew its request for attorney fees and costs as part of a motion for default judgment filed consistent with this Opinion and Order.

11 – OPINION & ORDER

## CONCLUSION

The Court GRANTS IN PART Plaintiff's Motion to Strike Defendant's Answer, Affirmative Defenses, and Counterclaims, and to Enter Default Judgment Against Defendant [41]. The Court STRIKES Defendant's Answer and Affirmative Defenses [34] to the First Amended Complaint. The Court DISMISSES Defendant's counterclaims. The clerk is instructed to enter default against Defendant. Plaintiff may file a motion for default judgment consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED: _____October 13, 2023_____.

_____
MARCO A. HERNANDEZ
United States District Judge