IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| VANPORT INTERNATIONAL, INC., an Oregon corporation, | No. 3:22-cv-01041-HZ |
| Plaintiff, | OPINION & ORDER |
| v. | |
| DFC WOOD PRODUCTS PTY LTD., an Australian discretionary trading trust, | |
| Defendant. | |

Brian D. Chenoweth
Bradley T. Crittenden
Chenoweth Law Group, PC
510 SW Fifth Avenue, Ste 400
Portland, OR 97204

 Attorneys for Plaintiff

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Plaintiff Vanport International moves for default judgment on its breach of contract claim against Defendant DFC Wood Products. For the following reasons, the Court grants the Motion in part and directs Plaintiff to supplement the Motion as stated below.

**BACKGROUND**

This case arises out of a sale of lumber from Plaintiff, an Oregon corporation, to Defendant, a discretionary trading trust established under the laws of Australia. On March 15, 2018, Defendant ordered over 6,500 cubic meters of lumber from Plaintiff for a sale price of $2,955,762.77. Am. Compl. ¶ 5, ECF 33. Plaintiff acknowledged the order. *Id.* Under the agreement, payment was due within five days of delivery. *Id.* Plaintiff delivered the lumber by November 2018. *Id.* ¶ 6. In December 2018, Defendant communicated to Plaintiff that it was rejecting the lumber. *Id.* ¶ 7. The parties communicated about the lumber between January and February 2019. *Id.* ¶ 8. Plaintiff told Defendant that it would pursue a claim against the supplier, and that the lumber should be stored during that time. *Id.* Defendant agreed. *Id.* While Plaintiff was litigating its claim against the supplier between 2019 and 2021, Defendant took possession of, processed, and sold the lumber without telling Plaintiff. *Id.* ¶ 9. Defendant did not pay Plaintiff for any of the lumber or return any of the lumber to Plaintiff. *Id.*

On May 13, 2022, Plaintiff sued Defendant in state court, alleging breach of contract, unjust enrichment, conversion, and fraudulent misrepresentation. Notice of Removal Ex. A at 6-11 (Complaint), ECF 1-1. Plaintiff seeks over $2.9 million in damages. Am. Compl. 7, ECF 33. After removing to federal court, Defendant moved to dismiss for lack of personal jurisdiction. ECF 4. The Court denied the motion on November 16, 2022. ECF 18. Defendant answered the Complaint and asserted eight counterclaims. ECF 22. Plaintiff filed an Amended Complaint on

April 21, 2023, which Defendant answered on May 5, 2023, reasserting its counterclaims. ECF 33, 34. Defendant was represented by K&L Gates.

On July 19, 2023, K&L Gates moved to withdraw as counsel for Defendant. Def. Mot. to Withdraw, ECF 36. Counsel stated that the firm could no longer represent Defendant because Defendant "ha[d] been only intermittently communicative with K&L Gates for several months, including as K&L Gates ha[d] sought to meet deadlines in this case, provide substantive discovery responses in accordance with the Federal Rules of Civil Procedure, and obtain direction and instruction from DFC." *Id.* at 2. Counsel stated that because of this lack of communication, "K&L Gates was unable to serve substantive discovery responses or certify a complete document production." *Id.* K&L Gates notified Defendant on June 26, 2023, that it intended to withdraw. *Id.* Counsel encouraged Defendant to find substitute counsel, and attempted to communicate with Defendant by phone and email, but Defendant was not responsive. *Id.* at 2-3. Plaintiff did not oppose the motion but asked the Court to order Defendant to respond to the pending discovery requests within 30 days of an order granting the motion. Pl. Resp. Mot. to Withdraw, ECF 38.

On August 3, 2023, the Court granted the Motion to Withdraw. Op. & Ord., ECF 40. The Court gave Defendant 30 days from the date of entry of its Opinion and Order to find new counsel. *Id.* at 5. The Court stated that "a corporate entity cannot appear in federal court unless it is represented by counsel." *Id.* And the Court warned Defendant that it faced entry of default and default judgment against it, as well as dismissal of its counterclaims for failure to prosecute, if it did not obtain counsel. *Id.* Finally, the Court ordered Defendant to respond to Plaintiff's interrogatories and requests for production within 30 days. *Id.*

3 – OPINION & ORDER

On September 18, 2023, Plaintiff moved under Rule 37 to strike Defendant's Answer and counterclaims and sought entry of default judgment. ECF 41. The Court granted the motion in part under Rule 41 because Defendant failed to obtain substitute counsel. Op. & Ord., ECF 44. The Court entered default against Defendant. ECF 45. Accordingly, the factual allegations in the Complaint relating to liability are taken as true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). Plaintiff now moves for default judgment on its breach of contract claim. ECF 47.

## STANDARDS

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). If the plaintiff's claim is not for a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55(b)(2).

> The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

*Id.* A default judgment for money may be entered without a hearing if the amount claimed is a liquidated sum or capable of mathematical calculation. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

The decision to grant an application for default judgment is within the district court's discretion. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). Courts in the Ninth Circuit generally consider the following factors:

4 – OPINION & ORDER

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471-72.

**DISCUSSION**

The Court concludes that the *Eitel* factors favor entry of default judgment. Plaintiff has shown that it is entitled to the damages sought for breach of contract. However, Plaintiff is not entitled to the prejudgment interest sought because federal law, not Oregon law, governs an award of prejudgment interest on Plaintiff's claim. The Court therefore grants Plaintiff's Motion except as to the award of prejudgment interest and directs Plaintiff to submit new calculations using the federal prejudgment interest rate.

**I.      Jurisdiction and Service of Process**

This Court has jurisdiction over Defendant. Judgment can be entered only against a defendant over whom the court has personal jurisdiction. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4."). Plaintiff served Defendant with the summons and complaint in Australia pursuant to the Hague Service Convention on June 19, 2022. Fed. R. Civ. P. 4(f)(1); Notice of Removal 2, Ex. A at 1-5; Crittenden Decl. ¶ 5, Ex. 1, ECF 48. Defendant never challenged the adequacy of service of process. The Court previously held that it has personal jurisdiction over Defendant. Op. & Ord., ECF 18.

The Court has subject matter jurisdiction over this case because there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

The Court also has subject matter jurisdiction over this case because Plaintiff's breach of contract claim arises under a treaty of the United States. 28 U.S.C. § 1331.

## II. *Eitel* Factors

### A. Possibility of Prejudice to Plaintiff

"In assessing the possibility of prejudice, courts have considered whether a plaintiff would be without recourse for recovery if the motion for default judgment is not granted." *Barba v. Brimfield*, No. 3:22-CV-01251-YY, 2023 WL 2667494, at *4 (D. Or. Mar. 1, 2023), *findings and recommendation adopted*, No. 3:22-CV-1251-YY, 2023 WL 2666540 (D. Or. Mar. 28, 2023). Plaintiff has no recourse other than to file a lawsuit. *See* Pl. Mot. 9. This factor favors entry of default judgment.

### B. Merits of the Claim and Sufficiency of Complaint

Plaintiff brings its claim for breach of contract under the United Nations Convention on Contracts for the International Sale of Goods ("CISG"). Am. Compl. ¶¶ 11-17. The CISG has been ratified by the Senate, so it is "valid and binding federal law." *Chateau des Charmes Wines Ltd. v. Sabate USA Inc.*, 328 F.3d 528, 530 (9th Cir. 2003). "The CISG applies if the parties are incorporated in signatory countries, the contract does not explicitly opt out of the CISG, and the contract is for the sale of goods." *Sunrise Foods International Inc. v. Ryan Hinton Inc.*, No. 1:17-cv-0457-CWD, 2019 WL 3755499, at *4 (D. Idaho Aug. 8, 2019) (citing CISG, Art. 1, 6 (April 1980)). Plaintiff is incorporated in Oregon, and Defendant is an Australian entity. Both the United States and Australia are signatories to the Convention. "Status: United Nations Convention on Contracts for the International Sale of Goods (Vienna, 1980) (CISG)," United Nations Comm'n on Int'l Trade Law, https://uncitral.un.org/en/texts/salegoods/conventions/sale_of_goods/cisg/status (last visited Jan. 8, 2024). The parties' agreements did not

otherwise specify any governing law or opt out of the CISG. Am. Compl. ¶ 12. The contract was for the sale of goods, i.e., lumber. Thus, the CISG governs Plaintiff's breach of contract claim.

A claim for breach of contract under the CISG requires proof of the same elements as a standard breach of contract claim: "formation, performance, breach and damages." *Dingxi Longhai Dairy, Ltd. v. Becwood Tech. Grp. L.L.C.*, 635 F.3d 1106, 1108 (8th Cir. 2011). *See also Sunrise Foods International Inc.*, 2019 WL 3755499, at *4 (citing *Dingxi*, 635 F.3d at 1108); *Sierra Seed Internacional SA de CV v. Al Harrison Co. Distributors*, No. 13-cv-206-TUC-RCC, 2013 WL 3336594, at *3 (D. Ariz. July 2, 2013) (quoting *Dingxi*, 635 F.3d at 1108).

The Amended Complaint adequately alleges that a contract was formed when Defendant ordered 6,500 cubic meters of lumber from Plaintiff at a sale price of $2,955,762.77. Am. Compl. ¶ 5. The Amended Complaint alleges that payment was due within five days of delivery. *Id.* The Amended Complaint alleges that Plaintiff delivered all of the lumber by November 2018. *Id.* ¶ 6. It adequately alleges that Plaintiff performed under the contract. The Amended Complaint alleges that Defendant rejected the lumber, and the parties agreed that Defendant would store it while Plaintiff sued the supplier, but Defendant later sold the lumber without notice and without paying Plaintiff. *Id.* ¶¶ 7-9. These allegations show that Defendant breached the contract, causing damage to Plaintiff. In sum, Plaintiff's allegations about liability, which are taken as true because Defendant is in default, are sufficient to show breach of contract. These two *Eitel* factors favor entry of default judgment.

C. Sum of Money at Stake

The sum of money at stake in this case is substantial: over $2.9 million. Although a large sum weighs against a grant of default judgment, the Court must weigh the amount sought against the seriousness of the defendant's conduct. *Barba*, 2023 WL 2667494, at *4. Paul Owen, the

7 – OPINION & ORDER

president of Plaintiff, states that Defendant owes Plaintiff $2,909,626.19 for the lumber. Owen Decl. ¶¶ 2-3, ECF 49. Mr. Owen attaches a copy of Plaintiff's ledger showing an outstanding balance of that amount. *Id.* Ex. 2. The amount owed is less than the original sale price because Plaintiff gave Defendant a credit of $46,136.58. *Id.* Mr. Owen also attaches a November 24, 2021, email from David Compton, a principal of DFC, confirming that all of the lumber had been processed or dumped and none was available to be returned. *Id.* ¶ 4, Ex. 3. Plaintiff has adequately proved its damages from breach, and no hearing is needed because the amount is capable of mathematical calculation. Because Plaintiff has proved its damages, the amount of the damages does not weigh against an award of default judgment.

Plaintiff also seeks prejudgment interest under Oregon law. As discussed below, the Court concludes that Plaintiff is entitled to prejudgment interest under federal law, not Oregon law. But the amount of prejudgment interest does not weigh against an award of default judgment. As Plaintiff asserts, the date on which prejudgment interest began accruing is readily ascertainable based on the November 24, 2021, email from Defendant to Plaintiff confirming that Defendant had sold or otherwise disposed of the lumber. Pl. Mot. 8 (citing Owen Decl. ¶ 4, Ex. 3). Plaintiff has shown that it is entitled to damages and prejudgment interest, so this factor favors entry of default judgment.

D.  Possibility of Dispute Over Material Facts

This factor favors default judgment when the claims in the complaint are well-pleaded. *Barba*, 2023 WL 2667494, at *5. Plaintiff's breach of contract claim is well-pleaded, so there is no possibility of dispute over the material facts.

//

//

8 – OPINION & ORDER

E.   Excusable Neglect

This factor favors entry of default judgment because Defendant's default did not result from excusable neglect. Rather, Defendant chose to stop participating in this litigation and ignored the Court's warning that it faced entry of default judgment if it did not retain counsel.

F.   Policy Favoring Resolution on the Merits

While there is a strong policy favoring resolution on the merits, this policy alone is not dispositive, particularly if the defendant fails to participate in the litigation. *Barba*, 2023 WL 2667494, at *5. Defendant chose to stop participating in this case. The public policy favoring disposition on the merits carries little weight here. All of the other *Eitel* factors favor entry of default judgment. Therefore, Plaintiff is entitled to default judgment.

**III.   Prejudgment Interest**

Plaintiff seeks prejudgment interest at the rate of 9% per year under Oregon law. Pl. Mot. 7. "Prejudgment interest is a substantive aspect of a plaintiff's claim, rather than a merely procedural mechanism." *Oak Harbor Freight Lines, Inc. v. Sears Roebuck, & Co.*, 513 F.3d 949, 961 (9th Cir. 2008) (internal quotations omitted). "State law generally governs awards of prejudgment interest in diversity actions, but federal law may apply to the calculation of prejudgment interest when a substantive claim derives from federal law alone." *Id.*

Plaintiff seeks prejudgment interest for damages on its CISG claim, which does not arise under state law: it arises under a treaty of the United States. State law does not govern the award of prejudgment interest. *See Sierra Seed Internacional*, 2013 WL 3336594, at *4 (concluding that state prejudgment interest statute did not apply to claim for breach of contract under the CISG). The Court orders Plaintiff to perform new calculations for prejudgment interest utilizing the federal rate and submit them for the Court's review.

## CONCLUSION

The Court GRANTS IN PART Plaintiff's Motion for Default Judgment [47]. Plaintiff is directed to supplement its Motion within 30 days with new calculations for prejudgment interest at the federal rate consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED:＿＿＿＿January 24, 2024＿＿.

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
MARCO A. HERNÁNDEZ
United States District Judge